**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SAM FRANKLIN THOMAS,                          Civil Case No. 09-12195

        Plaintiff,                          DISTRICT JUDGE
                                              ARTHUR J. TARNOW

v.

                                              MAGISTRATE JUDGE
UNITED STATES JUSTICE DEPARTMENT,             DONALD A. SCHEER

        Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S**
**APPLICATION TO PROCEED *IN FORMA PAUPERIS* [3],**
**DISMISSING COMPLAINT [1],**
**and**
**DENYING AS MOOT PLAINTIFF'S REQUEST**
**FOR APPOINTMENT OF COUNSEL [3]**

On June 5, 2009, Plaintiff filed his *pro se* Complaint [1] in this case. On July 7, 2009, the Court entered an Order to Show Cause [2] why the action should not be dismissed for failure to pay the requisite filing fee, or alternatively, to apply to proceed without prepayment of fees. In response, Plaintiff filed an Application to Proceed *in forma pauperis* [3], and moved therein for the appointment of an attorney. Plaintiff also filed a Letter [4] in support of his Complaint and Application. Those documents are now before the Court.

28 U.S.C. § 1915(a) provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets." If such a motion to proceed *in forma pauperis* is accompanied by a facially sufficient affidavit, the court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). Only after the complaint is filed should it be tested to determine whether it is frivolous or fails to state a claim. *See id.*

Here, the Court is convinced that Plaintiff's financial affidavit "contain[s] allegations of poverty sufficient to allow [Plaintiff] to proceed without prepayment of costs." *See id.* at 262.

Therefore, Plaintiff's Application to Proceed *in forma pauperis* [3] will be **GRANTED**, and the Clerk will be directed to file the Complaint.

Once a complaint is filed *in forma pauperis* under 28 U.S.C. § 1915(a), it is tested under § 1915(e). Under 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if the court finds that the case is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint is frivolous under § 1915 if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 323 (1989); *see also Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998) (complaints should be dismissed as frivolous "only when the claim is based on an indisputably meritless legal theory, or where the complaint's factual contentions are clearly baseless"). The Court's determination of failure to state a claim under § 1915 is the same as its determination under FED. R. CIV. P. 12(b)(6). *See* 1 MOORE'S FED. PRACTICE § 4.41[3]. That is, a complaint fails to state a claim where it lacks "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Although any ambiguities must be resolved in the plaintiff's favor, the Court is "not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *See Hendrock v. Gilbert*, 68 Fed. Appx. 573, 574 (6th Cir. 2003); *Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78.

Here, Plaintiff raises arguments under the Due Process and Equal Protection clauses of the United States Constitution. Plaintiff alludes to having been targeted by death threats, and notes that President Obama has benefitted from Secret Service protection and a limousine escort when faced with such circumstances. Arguing that constitutional principles require his equal treatment, Plaintiff demands a limousine escort, along with compensation of $100,000,000,000. Furthermore, Plaintiff argues that his First Amendment rights were abridged when members of the local news media failed to return his phone calls to discuss Plaintiff's candidacy for the presidency of the United States.

From these factual allegations, the Court cannot infer any viable legal theory under which Plaintiff could sustain a recovery. *See Hendrock*, 68 Fed. Appx. at 574; *Schied*, 859 F.2d at 436. Therefore, Plaintiff's constitutional claims must be dismissed. Furthermore, the Court declines to

-2-

exercise supplemental jurisdiction over Plaintiff's apparent state-law claims for false arrest, false imprisonment, and defamation.  *See* 28 U.S.C. § 1367.

For the foregoing reasons, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Thus, the Complaint [1] will be **DISMISSED** in its entirety.

Because the dismissal of the Complaint will close the case, Plaintiff's request for appointment of counsel will be **DENIED AS MOOT**.

Therefore, the Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in forma pauperis* [3] is **GRANTED**.  The Clerk is directed to file the Complaint [1].

**IT IS FURTHER ORDERED** that the Complaint [1] is hereby **DISMISSED** in its entirety for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [3] is **DENIED AS MOOT.**

This matter is hereby **CLOSED.**

**SO ORDERED.**

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  July 29, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 29, 2009, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager

-3-